UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENERILO SPICE CO.,<br><br>                              Plaintiff,<br><br>vs.<br><br>EDUARDO'S PRODUCE INC., et al.,<br><br>                              Defendants. | CASE NO. 10cv1331-MMA(AJB)<br><br>**ORDER GRANTING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT NOTICE**;<br><br>[Doc. No. 7]<br><br>**SETTING HEARING ON PRELIMINARY INJUNCTION** |

Plaintiff Jenerilo Spice Company has filed an *ex parte* [Doc. No. 7] motion for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65.  For the following reasons, the Court **GRANTS** the motion.

### DISCUSSION

Plaintiff Jenerilo Spice Company, a seller of perishable agricultural commodities, alleges that in a series of transactions between May 2009 and August 2009 the company sold perishable agricultural commodities to Defendant Eduardo's Produce, Inc., totaling at least $21,300.00. Plaintiff further alleges that Defendant has not paid the amounts owed.

The Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499a, et seq. ("PACA")

places a statutory trust on all produce-related assets, such as the produce itself or other products derived from them, as well as any receivables or proceeds from their sale, held by agricultural merchants, dealers, and brokers such as Defendant.  7 U.S.C. § 499e(c)(2); *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc*., 222 F.3d 132 (3rd Cir. 2000).  The trust must be maintained for the benefit of the unpaid suppliers – in this case Plaintiff.  Plaintiff alleges that the defendant produce company, and its owners, individual defendants Eduardo Castro-Rios and Maria Casillas, have failed to comply with these statutory duties and are depleting the assets of the statutory trust.  Accordingly, Plaintiff seeks an injunction preventing further depletion of the trust.

Under Federal Rule of Civil Procedure 65(b), an *ex parte* temporary restraining order ("TRO") may be granted only if (1) specific facts in an affidavit clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party in opposition may be heard; and (2) the movant's attorney certifies the reasons why notice should not be required.  Additionally, to prevail on a motion for a temporary restraining order, the moving party must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  *Winter v. Natural Res. Defense Council, Inc*., 129 S. Ct. 365, 374 (2008).

Plaintiff satisfies the test for issuing an *ex parte* TRO in this case.  First, Plaintiff is likely to succeed on the merits because the declaration filed in support of the motion shows that Plaintiff is entitled to a PACA statutory trust and the trust's assets are threatened with depletion.  Second, Plaintiff is likely to suffer irreparable harm absent injunctive relief because the trust may be imminently depleted, leaving no recourse to Plaintiff.  Third, the balance of equities tips in Plaintiff's favor because Defendants would be required only to comply with their pre-existing statutory duties under PACA.  Fourth, an injunction would be in the public interest because through PACA Congress explicitly intended to protect perishable-commodities producers such as Plaintiff.  *See* 7 U.S.C. § 499e(c)(1).

Additionally, Plaintiff has certified why notice should not be required, given that if notice is given trust assets may be further threatened with depletion.  More importantly, Plaintiff's counsel

confirms that attempts to locate Defendants have been unsuccessful and that Defendants are believed to be in the process of liquidating their retail store.

For these reasons, the Court **ORDERS** that:

1. Defendants Eduardo's Produce, Inc., a corporation ("Eduardo's Produce) and Eduardo Castro-Rios and Maria Casillas, individuals, (collectively referred to as "Defendants") show cause why a preliminary injunction should not be granted.  The Court sets the hearing on the preliminary injunction for ***July 14, 2010 at 9:00 a.m.***

2. Pending the hearing and determination of the preliminary injunction, Defendants, their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing or in any other manner removing Perishable Agricultural Commodities Act [7 U.S.C. § 499e *et seq*.] trust assets, including trust asset funds on deposit in banking accounts held by or on behalf of Defendants, from Defendants' banking accounts.

3. Pending the hearing and determination of the preliminary injunction, and continuing thereafter, Defendants and their counsel, agents, or representatives, shall be enjoined from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

   A. Taking any action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

   B. Taking any other action whatsoever which violates 7 U.S.C. § 499e(c)(1) through (4), inclusive, and 7 U.S.C. § 499b(4) [§ 2 of Perishable Agricultural Commodities Act ("PACA")].

4. If Defendants fail to pay Plaintiff within **five (5)** days of the filing of this Order the sums described above, Defendants shall immediately account to Plaintiff for all assets of the PACA trust from commencement of Defendants' business through the date of this Order.

5. The trust assets in Defendants' possession will serve as Plaintiff's security for this injunction as required by Federal Rule of Civil Procedure 65(c).

6. Plaintiff shall immediately serve Defendants with copies of this Order.  Defendants shall file their opposition to the preliminary injunction by July 9, 2010, and Plaintiff shall file a

1  reply, if any, by July 13, 2010.

2      7.    This TRO issued on July 1, 2010 at 10:00 a.m. If Defendants pay Plaintiff the
3  amounts described above in total, the TRO will be dissolved. The parties shall immediately notify
4  the Court if Defendants pay in full. In the alternative, the TRO shall be dissolved when the Court
5  grants or denies the motion for a preliminary injunction.

6  **IT IS SO ORDERED**.

7  DATED: July 1, 2010

          Hon. Michael M. Anello
          United States District Judge